BELLE LEVEY, Respondent, *v.* FREDERICK S. MINOTT, Appellant.

First Department, October 30, 1925.

**Breach of marriage promise — defense of insanity sustained — proof as to promise incredible — proof shows plaintiff to have been unchaste — verdict for plaintiff against evidence.**

In an action to recover damages for breach of promise to marry, the evidence establishes conclusively that the defendant at the time of the alleged promise was insane and incapable of entering into any contract.

The proof by the plaintiff of the alleged promise which was, in effect, that the defendant asked her, within two hours after she had met him, to marry him, is incredible.

The evidence on behalf of the defendant in support of his defense that the plaintiff was unchaste prior to the alleged seduction by the defendant, and that he had no knowledge of said unchastity, is supported by the evidence.

Upon the proof of defendant's insanity and the lack of probability in plaintiff's testimony, a verdict in her favor is totally against the weight of the evidence and the judgment must be reversed.

APPEAL by the defendant, Frederick S. Minott, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of July, 1924, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 13th day of August, 1924, denying defendant's motion to dismiss the complaint and for a new trial made upon the minutes.

*Choate, Larocque & Mitchell* [*Clarence Blair Mitchell* of counsel; *William R. Bayes* with him on the brief], for the appellant.

*Joseph J. Myers* [*Charles A. Winter* of counsel; *Thomas I. Sheridan* with him on the brief], for the respondent.

McAvoy, J.:

Judgment was entered in this suit for the plaintiff for $7,500. The action is for breach of promise of marriage. It was plaintiff's assertion that she had been seduced by the defendant under promise of marriage on December 16, 1920. The defense was a denial of the promise, and allegations that both at the time of and prior to the alleged promise the defendant was of unsound mind and incapable of entering into a marriage contract, and also that prior to the promise of marriage the plaintiff was not of chaste character, of which unchastity of plaintiff defendant had no knowledge. There was a counterclaim against plaintiff for having obtained cash in the sum of $400 from the defendant without rendering any services, which money was said to have been obtained by reason of the defendant's mental condition and his inability to comprehend the nature of the transaction with the plaintiff.

The defendant says that the complaint should have been dismissed at the close of the whole case because the undisputed evidence established conclusively that defendant was wholly insane and incapable of entering into any contract whatever at the time of the alleged promise of marriage and prior thereto, and at the very time of the alleged promise proceedings were under way to have him committed to an institution for mental treatment; and besides, he asserts, the complaint should have been dismissed

13

because the testimony of disinterested witnesses and the surrounding circumstances completely discredit plaintiff's story and negative the theory that defendant, although insane, proposed marriage to or had any meretricious relations with plaintiff. A ground for dismissal is also said to exist in that plaintiff's own version as to the alleged contract of marriage failed to show a reciprocal promise upon her part, and defendant's promise to marry plaintiff, it is said, was made as an inducement to plaintiff to have sexual relations with defendant, which rendered the promise illegal. Finally the resultant judgment below is attacked because the facts and testimony are alleged to show that plaintiff had not been of chaste character for a long time prior to the alleged promise of marriage, and subsequent thereto, and that defendant had no knowledge of such dereliction on plaintiff's part.

We do not believe that the evidence gives defendant a right to a dismissal of the complaint, but we are persuaded that the judgment ought to be reversed as lacking in credible proof to support it.

Plaintiff's narration of the promise, although not containing a specific promise on her part mutually accepting the defendant, nevertheless gives circumstances and details of the event from which it could be implied that she accepted the proposal. Nor can it be said that the promise was made as an inducement for sexual relations only, as the occasion of the promise and the immediately following relations were not necessarily interdependent, although the jury might have found them so as a fact.

As to the question of the plaintiff's chastity she vehemently denied both the direct testimony that she was unchaste and the implication arising from the medical testimony that she had been, but it seems to us that upon the uncontradicted proof the judgment should be reversed because such proof demonstrates that defendant was insane at the time of the alleged promise of marriage and of such a weak mental character that any promise made by him to perform any sort of contract would have been invalid. He has been committed to institutions for treatment of the insane at least ten times beginning in 1905 and as late as December, 1922.

One of the medical experts called on behalf of defendant described his malady as "manic depressive insanity," the characteristics of which are that attacks recur at regular intervals lasting for several months, while at other times the patient is normal; and while the condition is accompanied by delusions, it also distorts and warps every mental process, and during the period of "manic depressive" condition the patient is not able to realize the meaning and significance of words or acts, even when conscious of the words and the acts themselves. His insight is destroyed; he is easily led and his

emotional equilibrium is unsettled. This manic depressive malady differs from other forms of insanity because in other forms acts not directly connected with the particular delusion may be rational and valid. That he suffers and has suffered from this malady, the evidence leaves no doubt.

The overwhelming proof indicates that this was the nature of defendant's affliction at the time of the alleged promise of marriage, and a verdict to the contrary by the jury flew in the face of this proof and was evidently inspired by considerations other than a review of the evidence.

The proof shows too that the alleged promise is such a fantastic tale that it ought to have been discredited in a jury's mind by the very nature of it. This woman of mature age had been engaged in the business which defendant owned for thirteen years, but had never met him, except casually. He was of a different race, religion and walk in life and twenty-three years older. She had never received a present from him prior to this meeting in December, 1920. She had never written to him nor he to her, nor had she ever had social relations with him or his family. He knew nothing of her family history. To believe that after spending less than two hours in her company he promised marriage to her and seduced her within a few minutes after they were first alone, is to give rein to credulity beyond that which ought to be given even by a jury.

As to the plaintiff's previous chastity, the medical testimony indicates almost preponderantly that it was mythical, and while the jury might not have believed Fourette, who testified that he was her paramour, they should not have disregarded this medical proof. Upon the proof of defendant's insanity and the lack of probability of plaintiff's own story, the verdict is totally against the weight of the evidence as one reads it, and the judgment rendered thereon should be reversed.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING and FINCH, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.